IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY<br><br>              Plaintiff,<br>   v.<br><br>FIVE STAR HOTELS LLC, MICHELLE HARPER, ADMINISTRATRIX OF THE ESTATE OF GARY C. COTTRELL, JR., JACQUES FOSTER, ROJET MITCHELL, and JODY LITTLE<br><br>              Defendants | Civil Action No. 2:13-cv-00225-JFC<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO COUNTERCLAIM

Five Star, MESA Underwriters Specialty Insurance Company ("MUSIC"), formerly known as Montpelier US Insurance Company (and referred to in the Counterclaim of Defendant Five Star Hotels, LLC as "MESA") for its Answer to the Counterclaim of Defendant Five Star Hotels, LLC, alleges as follows:

### FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE AND ANSWER TO COUNTERCLAIM

Parties

1. Admitted.

2. Admitted.

Jurisdiction and Venue

3.     Admitted.

4.     Admitted.

Factual Background

The Policy

5.     Admitted, and which such policy is attached to MUSIC's Complaint in this matter as Exhibit "2". Such policy is a written document which contains declarations, terms, conditions, exclusions, definitions, limitations and other provisions, all of which speak for themselves relative to the duties and obligations of the respective parties to such policy, and for which MUSIC seeks a declaration as to the respective duties and obligations of such parties.

6.     Admitted that the "COMMERCIAL GENERAL LIABILITY Coverage Part Declarations", under "LIMITS OF INSURANCE", states, subject to the declarations, terms, conditions, exclusions, definitions, limitations and other provisions of such policy, that the "General Aggregate Limit (Other Than Products/Completed Operations" is $1,000,000 and that the "Each Occurrence Limit" is $500,000. To the extent that anything further is alleged, denied.

7.     Admitted only that the allegations of this Paragraph sets forth partial and incomplete wording of such policy, which such policy is a written document which contains declarations, terms, conditions, exclusions, definitions, limitations and other provisions, all of which speak for themselves. To the extent that anything further is alleged, denied.

8.     Admitted only that the allegations of this Paragraph sets forth partial and incomplete wording of such policy, which such policy is a written document which

909414.3

2

contains declarations, terms, conditions, exclusions, definitions, limitations and other provisions, all of which speak for themselves.  To the extent that anything further is alleged, denied.

9. Admitted only that the allegations of this Paragraph sets forth partial and incomplete wording of such policy, which such policy is a written document which contains declarations, terms, conditions, exclusions, definitions, limitations and other provisions, all of which speak for themselves.  To the extent that anything further is alleged, denied.

## The Underlying Action

10. As to paragraph 10, MUSIC is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the averments as stated, and on that basis denies the averments of this paragraph.

11. As to paragraph 11, MUSIC is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the averments as stated, and on that basis denies the averments of this paragraph.

12. As to paragraph 12, other than as alleged in the Complaint filed in the underlying action, and as alleged in the Complaint in this action, MUSIC is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the averments as stated, and on that basis denies the averments of this paragraph.

## Notice

13. Admitted that with respect to the Underlying Action, timely notice was provided.  To the extent that anything further is alleged, denied.

14.     As to paragraph 14, MUSIC is without knowledge or information, after reasonable investigation, sufficient to form a belief as to the truth of the averments as stated, and on that basis denies the averments of this paragraph.

15.     Denied as stated. As alleged in the Complaint in this instant action, admitted that a defense is being afforded to Five Star and to Dhuphar by MUSIC, under a complete reservation of rights of all declarations, terms, definitions, exclusions, limitations, conditions or other provisions of the policy, whether as to defense or indemnity. Further admitted that MUSIC has filed the instant action, seeking a declaration to determine the duties and obligations of the parties with respect to the Underlying Action. To the extent that anything further is alleged, denied.

## COUNTERCLAIM

### Declaratory Judgment: Duty to Defend

16.     Denied as stated. Admitted only that such policy is a written document which contains declarations, terms, conditions, exclusions, definitions, limitations and other provisions, all of which speak for themselves. By way of further response, MUSIC incorporates by reference, as though fully set forth here, each of the allegations of its Complaint filed in this action. To the extent that anything further is alleged, denied.

17.     Denied as stated. Admitted only that such policy is a written document which contains declarations, terms, conditions, exclusions, definitions, limitations and other provisions, all of which speak for themselves relative to the duties and obligations of the respective parties to such policy, and for which MUSIC seeks a declaration as to the respective duties and obligations of such parties. By way of further response, MUSIC incorporates by reference, as though fully set forth here, each of the allegations

of its Complaint filed in this action. To the extent that anything further is alleged, denied.

18. Admitted.

19. Denied as stated. As alleged in the Complaint in this instant action, admitted that a defense is being afforded to Five Star and to Dhuphar by MUSIC, under a complete reservation of rights of all declarations, terms, definitions, exclusions, limitations, conditions or other provisions of the policy, whether as to defense or indemnity. Further admitted that MUSIC has filed the instant action, seeking a declaration to determine the duties and obligations of the parties with respect to the Underlying Action. By way of further response, MUSIC incorporates by reference, as though fully set forth here, each of the allegations of its Complaint filed in this action. To the extent that anything further is alleged, denied.

## DEMAND FOR JURY TRIAL

20. Admitted that both Five Star and MUSIC have demanded a trial by jury.

## PRAYER FOR RELIEF

21. Paragraph 21 set forth a prayer for relief, which neither needs to be admitted or denied. To the extent that a response is deemed to be required, denied.

WHEREFORE, MUSIC requests that this Honorable Court declare that:

1)   under the plain terms of the GL Policy and the express allegations of the Underlying Complaint, Five Star is not obligated to defend any and all of the Defendants in the Underlying Complaint;

2) under the plain terms of the GL Policy and the express allegations of the Underlying Complaint, Five Star is not obligated to indemnify any and all of the Defendants in the Underlying Complaint for any liability which may attach;

3) Five Star may immediately withdraw from the defense of each and all Defendants in the Underlying Complaint; and

4) for such other relief as may be appropriate.

## THIRD DEFENSE

MUSIC denies that the Five Star is entitled to any of the relief sought in the Counterclaim.

## FOURTH DEFENSE

Coverage under the Policy issued by MUSIC, attached as Exhibit "2" to the Complaint, may be barred, in whole or in part, to the extent that there was any violation of the conditions precedent and/or antecedent to the imposition of any alleged duty to provide coverage.

## FIFTH DEFENSE

MUSIC denies that it has breached any contractual obligations to Five Star. Specifically, the Counterclaim seeks solely a declaratory judgment as to the duty to defend the underlying action. MUSIC accepted the tender of defense of Five Star and is currently defending Five Star, pursuant to a complete reservation of rights, and seeks in the instant action a declaration from this Honorable Court as to the parties' respective rights and obligations.

## SIXTH DEFENSE

MUSIC denies each and every allegation of the Counterclaim not expressly admitted in this Answer to Counterclaim.

SEVENTH DEFENSE

MUSIC alleges here, as though fully set forth, each express or implied declaration, term, condition, definition, exclusion, limitation, and all other provisions, of the Policy issued by MUSIC, attached as Exhibit "2" to the Complaint, including but not limited to those policy provisions and limitations set forth specifically in the allegations of the Complaint in this action.

EIGHTH DEFENSE

Five Star's claims may be barred by operation of the doctrines of unclean hands, estoppel, waiver and/or laches.

NINTH DEFENSE

Coverage under the Policy issued by MUSIC, attached as Exhibit "2" to the Complaint, may be barred, in whole or in part, to the extent that the Five Star seeks payment of any damages in excess of the respective limit of liability of such Policy.

TENTH DEFENSE

The Counterclaim contains insufficient information to permit MUSIC to raise all appropriate defenses and, therefore, MUSIC reserves its rights to amend and/or supplement this Answer to the Counterclaim and these defenses and to assert additional defenses.

ELEVENTH DEFENSE

MUSIC hereby reserves the right to assert any of the defenses, objections and/or claims that are or may in the future be warranted against any and all parties named and/or in the future to be named in the underlying controversy.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor with respect to the Counterclaim of Defendant Five Star Hotels, LLC, and that the Court award the relief requested in Plaintiff's Complaint.

                         Respectfully submitted,

                         THOMAS, THOMAS & HAFER, LLP

                         */s/ Thomas P. McGinnis*
                         _____
                         Thomas P. McGinnis, Esquire
                         Pa. I.D. # 46666

                         Thomas, Thomas & Hafer, LLP
                         One Oxford Centre
                         301 Grant Street, Suite 1150
                         Pittsburgh, PA  15219
                         Telephone:  (412) 697-7403

Dated:  May 2, 2013

## Certificate of Service

I hereby certify that a true and correct copy of the within **Answer to Counterclaim** has been served on the following counsel of record via the CM/ECF system of the United States District Court for the Western District of Pennsylvania, this 2nd day of May, 2013:

Kerry A. Sheehan
Anderson Kill & Olick, PC
1251 Avenue of the Americas
New York, NY 10020
ksheehan@andersonkill.com

David M. Huntley
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, suite 1200
Pittsburgh, PA 15219
dmh&jgcg.com

THOMAS, THOMAS & HAFER, LLP

*/s/ Thomas P. McGinnis*
_____
Thomas P. McGinnis, Esquire
Pa. I.D. # 46666

Thomas, Thomas & Hafer, LLP
One Oxford Centre
301 Grant Street, Suite 1150
Pittsburgh, PA  15219
Telephone:  (412) 697-7403