## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY | |
| Plaintiff, | Civil Action No. 13-225 |
| v. | |
| FIVE STAR HOTELS LLC, MICHELLE HARPER, ADMINISTRATRIX OF THE ESTATE OF GARY C. COTTRELL, JR., JACQUES FOSTER, ROJET MITCHELL, and JODY LITTLE | Judge Joy Flowers Conti |
| Defendants | |

## Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

Counsel for the parties and unrepresented parties shall confer regarding the matters identified herein and prepare a signed report in the following form to be filed at least 21 days before the Initial LCvR 16.1 Scheduling Conference or at such other time as ordered by the court. This report form may be downloaded from the Court's website as a word-processing document and the information filled in as requested on the downloaded form. The dates to be provided in the report are suggested dates and may be accepted or modified by the Court.

1.      Identification of counsel and unrepresented parties. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

| | |
|---|---|
| **Thomas P. McGinnis, Esquire**<br>**Paul R. Walker, Esquire**<br>**Karin M. Romano, Esquire**<br>**Thomas Thomas & Hafer LLP**<br>**One Oxford Centre, Suite 1150**<br>**301 Grant Street**<br>**Pittsburgh, PA  15219**<br>**Telephone: (412) 697-7403**<br>**Fax:  (412) 697-7407**<br>tmcginnis@tthlaw.com<br>pwalker@tthlaw.com<br>kromano@tthlaw.com<br>*Counsel for Plaintiff* | **Samuel H. Simon, Esquire**<br>**Matthew J. Lautman, Esquire**<br>**Houston Harbaugh, P.C.**<br>**401 Liberty Avenue, 22nd Floor**<br>**Three Gateway Center**<br>**Pittsburgh, PA  15222**<br>**Telephone:  412 281-5060**<br>ssimon@hh-law.com<br>lautmanmj@hh-law.com<br>*Counsel for Defendant/Counterclaimant,*<br>*Five Star Hotels, LLC* |

David M. Huntley, Esquire
Jones, Gregg, Creehan & Gerace
411 Seventh Avenue
Suite 1200
Pittsburgh, PA 15219
dmh@jgcg.com
Telephone: (412) 261-6400
Fax: (412) 261-2652
*Counsel for Defendants, Michelle Harper,*
*Jacques Foster, and Rojet Mitchell*

Jody Little
407 Bausman Street
Pittsburgh, PA 15210
 Telephone: Unknown
Fax: Unknown
E-mail: Unknown
*Defendant*

2.  Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc): **Plaintiff seeks declaratory relief in the form of a court order declaring that it has no duty, pursuant to the terms of a general liability insurance policy issued to Defendant Five Star, to defend or indemnify the Defendants in the lawsuit filed at G.D. No. 12-0161 in the Allegheny County Court of Common Pleas. Defendant Five Star has filed a counterclaim seeking a declaration that Plaintiff has a duty to defend Five Star pursuant to the policy.**

3.  Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:  **July 25, 2013.  Thomas P. McGinnis for the Plaintiff; Matthew J. Lautman for Defendant/Counterclaimant Five Star; David M. Huntley for Defendants Harper, Foster, and Mitchell.**

4.  Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:  (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served): **August 21, 2013 at 4:30 p.m.**

5.  Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed: **Defendants Five Star, Harper, Foster, and Mitchell have filed Answers to the Complaint. Defendant Little has not responded to the Complaint.**

6.  Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation.  For those cases in which a notice of designation for placement in the ADR program has been filed, you MUST complete the attached Stipulation Selecting ADR Process, marked as Exhibit A: **The parties request that they be excused**

from participating in ADR, as this case involves a request for declaratory relief regarding an insurance coverage dispute.

7.     Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court: **At present, the parties do not see a need for any changes in the timing, form, or requirements of Rule 26.**

8.     Subjects on which fact discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein): **Plaintiff may seek fact discovery relating to the communications between representatives of Plaintiff and representatives of the Defendants relating to the issuance of the subject insurance policy, as well as other issues relating to the reasons set forth in the Complaint as to why no coverage exists under the policy with respect to the claims asserted against the Defendants in the above-referenced lawsuit. The parties may seek fact discovery relating to the facts in the underlying case situated in the Court of Common Pleas of Allegheny County, including the facts and circumstances causing the death. Defendants may seek fact discovery with respect to the underwriting file, communications involving any and all third party insurance brokers in this case, facts surrounding the insurance coverage dispute, and facts surrounding the intent of applicable portions of the policy, including relevant policy exclusions, and addendums. The parties reserve the right to assert any and all objections to any deposition or discovery request.**

9.     Set forth suggested dates for the following (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

    a.     Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made: **September 4, 2013.**

    b.     Date by which any additional parties shall be joined: **October 21, 2013.**

    c.     Date by which the pleadings shall be amended: **October 21, 2013.**

    **d.**     Date by which fact discovery should be completed: **Plaintiff and Defendants Harper, Foster and Mitchell propose December 11, 2013. Defendant Five**

**Star proposes February 21, 2014.**

e.   If the parties agree that discovery should be conducted in phases or limited to or
     focused on particular issues, identify the proposed phases or issues and the dates by
     which discovery as to each phase or issue should be completed:  **The parties agree
     to a post-discovery status conference after the close of fact discovery, prior to
     the scheduling of any deadlines for expert discovery and/or dispositive motions.
     The parties may request additional time for the completion of expert discovery
     should it be determined that expert discovery is necessary.**

f.   Date by which plaintiff's expert reports should be filed:  **Please see
     subparagraph e. above.**

g.   Date by which depositions of plaintiff's expert(s) should be completed:  **Please
     see subparagraph e. above.**

h.   Date by which defendant's expert reports should be filed:  **Please see
     subparagraph e. above.**

i.   Date by which depositions of defendant's expert(s) should be completed:  **Please
     see subparagraph e. above.**

j.   Date by which third party expert's reports should be filed:  **Not applicable.**

k.   Date by which depositions of third party's expert(s) should be completed:  **Not
     applicable.**

10.  If the parties agree that changes should be made to the limitations on discovery imposed
     by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should
     be imposed on discovery, set forth such changes or limitations:  **At this time, the parties
     do not anticipate a need for any such changes or limitations.**

11.  Set forth whether the parties have considered the need for special deadlines, procedures
     or orders of court dealing with discovery of electronically-stored information (electronic
     discovery), including the need for the preservation of discoverable information and the
     protection of the right to assert privilege(s) after the production of privileged information
     and if so, set forth the results of such consideration.  In particular, answer the following
     questions:
     **The parties have considered the needs for special deadlines, procedures and Orders of
     Court dealing with the discovery of electronically stores information and do not
     presently anticipate the need for any such special deadlines, procedures or Orders of
     Court.**

a.   ESI. Is either party seeking the discovery of ESI in this case:  □ Yes  ■ No
     If disputed, identify the nature of the dispute _____
     **The parties do not presently believe that any relevant ESI exists in this case.**

Metadata: Will any metadata be relevant in this case? □ Yes ■ No
If yes, with respect to what ESI_____
If disputed, identify the nature of the dispute _____
**The parties do not presently anticipate that metadata will be relevant.**

b.   Format. Have the parties agreed on the format(s) for production of ESI?
■ Yes □ No
If no, what disputes remain outstanding _____
**In the event that any relevant ESI exists, the parties will produce the same in paper format.**

c.   Clawback Agreement. Will the parties be using the Form Inadvertent Production Provision of LCvR? ■ Yes □ No
If no, will an alternative provision be proposed? □ Yes (Please attach) □ No

d.   Search terms. Have the parties agreed on any protocol for review of electronic Data? □ Yes □ No
If yes, please describe
If no, please identify what issues remain outstanding_____
**Not applicable at this time.**

e.   Accessibility. Have the parties agreed on what ESI is "reasonably accessible" as Defined in R. 26(b)(2)(B)? □ Yes □ No
If no, please identify the nature of the dispute_____
**Not applicable at this time.**

f.   Preservation. Are there any unresolved issues pertaining to the preservation of ESI? If so, please describe
**Not applicable at this time.**

g.   Other. Identify all outstanding issues or disputes concerning ESI.
**Not applicable at this time.**

12.   Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are <u>not</u> required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by

telephone):
**The parties request a Post-Discovery Status Conference following the close of fact discovery.**

    a.    Settlement and/or transfer to an ADR procedure;

    b.    Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference

    c.    Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;

    d.    Dates by which parties' pre-trial statements should be filed;

    e.    Dates by which motions *in limine* and *Daubert* motions and responses thereto should be filed;

    f.    Dates on which motions *in limine* and *Daubert* motions shall be heard;

    g.    Dates proposed for final pre-trial conference;

    h.    Presumptive and final trial dates.

13.    Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):
**The parties do not presently see the need for any special orders to be entered by the Court pursuant to Rules 16 or 26 of the Federal Rules of Civil Procedure.**

14.    Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:
**The parties presently do not see a need for the appointment of a Special Master.**

15.    If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:
**The parties have not failed to agree on any matters set forth hereinabove.**

16.    Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:
**Given that this is a declaratory judgment action, wherein the relief sought by Plaintiff is a declaration by the Court that there is no insurance coverage for the claims asserted in the underlying action against the Defendants, and given that the Defendants assert, to the contrary, that such coverage exists under the subject policy, the parties believe that this matter can only be resolved by litigating the merits of the claims and defenses asserted herein.**

Respectfully submitted,

By: _s/ Thomas P. McGinnis_ ___          By: _s/ Matthew J. Lautman_ ___
    Thomas, Thomas & Hafer, LLP              Matthew J. Lautman, Esquire
    Thomas P. McGinnis, Esquire              Houston Harbaugh, P.C.
    Pa. ID # 46666              401 Liberty Avenue, 22nd Floor
    One Oxford Centre              Three Gateway Center
    301 Grant Street, Suite 1150              Pittsburgh, PA  15222
    Pittsburgh, PA  15219              (412) 281-5060
    (412) 697-7403              *Counsel for Defendant/Counterclaimant,*
    *Counsel for Plaintiff*                *Five Star Hotels, LLC*


By: _s/ David M. Huntley_ ___
    David M. Huntley, Esquire
    Jones, Gregg, Creehan & Gerace
    411 Seventh Avenue
    Suite 1200
    Pittsburgh, PA  15219
    (412) 261-6400
    *Counsel for Defendants, Michelle*
      *Harper, Jacques Foster, and Rojet*
      *Mitchell*