# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>FIVE STAR HOTELS, LLC, et al.<br><br>    Defendants. | Civil Action No. 13-225 |

## MEMORANDUM OPINION

CONTI, Chief District Judge

Before the court is a motion to dismiss (ECF No. 90) filed by Five Star Hotels, LLC ("Five Star"). The court reviewed the motion, the response (ECF No. 93) filed by Mesa Underwriters Specialty Insurance Company ("MUSIC"), and the briefs and supporting information filed by the parties. Five Star seeks dismissal for lack of subject-matter jurisdiction, specifically the lack of complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. The burden of establishing subject-matter jurisdiction on a motion under Rule 12(b)(1) rests with the party asserting jurisdiction, which in this case is MUSIC. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). The applicable standard of proof for establishing diversity jurisdiction is a preponderance of the evidence. *Id.*

A limited liability company, such as Five Star, has the citizenship of each of its members. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 352 (3d Cir. 2013). The citizenship of individuals is determined by the state in which the individual is domiciled. *McCann*, 458 F.3d at 286. Domicile requires residence plus the intent to remain. *Id.* Ad Dhupar, a member of Five Star, submitted an affidavit stating that he is a resident of New Jersey. (Ex. 2, ECF No. 92.) His affidavit did not state that he intends to remain in New Jersey. MUSIC was given sufficient time to depose Ad

1

Dhupar, but it did not. MUSIC did not show by a preponderance of the evidence that Ad Dhupar is domiciled in some place other than New Jersey.

The citizenship of MUSIC, a corporation, is governed by 28 U.S.C. § 1332(c)(1), which provides in relevant part that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). MUSIC acknowledges that its incorporation was "nominally transferred to New Jersey," but argues that it is a citizen of Arizona for diversity purposes because its principal place of business is Arizona under the "nerve center" test recognized by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). (MUSIC's Resp. Br. 2, ECF No. 94.) The court will assume for the purposes of this opinion that MUSIC is a citizen of Arizona under the principal place of business prong of the statute; nevertheless, MUSIC is also a citizen of New Jersey under the incorporation prong of the statute. *See Johnson v. SmithKline Beecham Corp.*, 853 F. Supp. 2d 487, 490 (E.D. Pa. 2012) ("[A] business incorporated in one state with a nerve center in another state is a citizen of both states.").

MUSIC failed to show that complete diversity of citizenship exists between MUSIC and the defendants. Specifically, it appears from the record before the court that MUSIC and Five Star are both citizens of New Jersey. This court lacks subject-matter jurisdiction and must dismiss this case. Dismissal for lack of jurisdiction is not an adjudication on the merits and is therefore without prejudice to MUSIC pursuing its claims in state court. *Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 182 (3d Cir. 1999). An appropriate order will be entered.

Dated: October 8, 2014          /s/ Joy Flowers Conti
                                                        Joy Flowers Conti
                                                        Chief United States District Judge